NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NICOLE LAVECCHIA, <br><br>　　　　　　　Plaintiff, <br><br>　　v. <br><br>WALMART INC. <br>　　　　　　　Defendant. | Civil Action No. 20-9035 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court on motion for summary judgment filed by Defendant Walmart Inc. ("Walmart"). Plaintiff Nicole Lavecchia ("Lavecchia") opposes the motion. The Court previously reserved judgment on the motion and request the parties conduct additional, limited discovery, and submit additional briefing to the Court. Now, the Court, having considered all the papers filed by the parties, proceeds to rule on the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Walmart's motion.

This opinion supplements a prior summary judgment opinion. (ECF No. 44, available as Lavecchia v. Walmart Inc., No. 20-9035, 2023 WL 4074059 (D.N.J. June 20, 2023)). This opinion only provides the facts necessary for the final resolution of the motion. A more thorough discussion of the facts can be found in the prior opinion.

Lavecchia filed this suit against Walmart alleging she slipped on a grape in Walmart's Secaucus location. She alleges Walmart is liable under an actual notice theory, a constructive notice theory, and the Mode of Operation Doctrine. In its prior opinion, the Court rejected

Lavecchia's actual notice theory and constructive notice theory. However, it reserved judgment on her Mode of Operation Doctrine theory. (ECF No. 44).

The Mode of Operation Doctrine relieves a plaintiff of proving notice of a dangerous condition upon showing "a nexus between self-service components of the defendant's business and a risk of injury in the area where the accident occurred" based on whether those self-service components made the emergence of a dangerous condition reasonably foreseeable. Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 262 (2003). New Jersey courts have found produce departments of supermarkets can qualify as self-service components of the supermarket business. See, e.g., Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 565 (2003). Lavecchia testifies she slipped on a grape in the produce department. The Court previously held her testimony was sufficient to create a factual dispute that she had, in fact, slipped on a grape, despite some evidence to the contrary presented by Walmart. (ECF No. 44).

However, the Supreme Court of New Jersey recently decided Jeter v. Sam's Club, 250 N.J. 240 (2022). There, the Supreme Court held a plaintiff alleging she slipped on a grape could not establish a nexus between the self-service nature of the produce department and the grape on the floor because defendant used a plastic clamshell container which made the risk of loose grapes not reasonably foreseeable. Neither party briefed this case. There was no evidence in the record that established how the grapes were packaged.

In part due to the case-dispositive nature of the issue, and in part due to the uncertainty of the precise rule established in Jeter, the Court reserved its decision on summary judgment. It asked the parties to engage in limited discovery to attempt to determine how the grapes were packaged

at the time of the incident. Additionally, the Court asked the parties to brief whether <u>Jeter</u> impacts the motion for summary judgment.

Accordingly, for a second time, the parties deposed Mr. Lukasz Konik, Walmart's manager at the time of the incident. Mr. Konik's testimony does not definitively establish how the grapes were packaged. He testified that he does not remember how they were packaged when the incident occurred in 2018. However, he testified the Secaucus Walmart currently packages its grapes in plastic bags, and that he has no reason to believe they packaged them differently in 2018. (2d Konik Depo. 11:22-12:19). After the deposition, Lavecchia submitted a brief addressing the applicability of <u>Jeter</u>, although Walmart did not. (ECF No. 50).

At a minimum, Lavecchia has established a genuine dispute as to whether Walmart packaged its grapes in plastic bags as opposed to a plastic clamshell container or something similarly safe. Therefore, based on the evidence presented to the Court, Lavecchia is capable of establishing a nexus between the self-service nature of the Walmart produce department and the risk of the injury she alleges, as required by the Mode of Operation Doctrine. <u>Prioleau</u>, 223 N.J. at 262; <u>Jeter</u>, 250 N.J. at 256. Accordingly, the Court will deny Walmart's summary judgment motion. An appropriate order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: August 14, 2023